IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Plaintiff | Case No: 13 c 5430 |
| Shinmax | |
| v. | Judge Virginia M. Kendall |
| Defendant | |
| Colovos | |

## ORDER

Shinmax's motion to dismiss is denied.

(T:) **STATEMENT**

Plaintiff Shinmax Industry (Hong Kong) Co., Ltd. moves to dismiss Defendant Colovos Company's counterclaims for conversion, breach of contract, and unjust enrichment for failure to state a claim upon which relief can be granted. For the reasons stated herein, this Court denies Shinmax's motion.

A complaint or counterclaim must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Young v. City of Chicago*, No. 10 C 989, 2012 WL 2368407, at *1 (N.D. Ill. June 21, 2012) (applying *Iqbal* to counterclaim). A claim is plausible on its face when the pleading contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* This requires enough factual content to create a reasonable expectation that discovery will reveal evidence of wrongdoing. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). For purposes of this motion, this Court accepts Colovo's well-pleaded allegations as true and draws all reasonable inferences in Colovos's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

Under Illinois law, conversion generally requires: "(1) a right to the property; (2) an absolute and unconditional right to immediate possession of the property; (3) a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005). But "a demand is unnecessary to establish a conversion where some other independent act of conversion can be shown." *Stathis v. Geldermann, Inc.*, 630 N.E.2d 926, 931 (Ill. App. Ct. 1994).

Here, Colovos alleges that it owned the master tooling Shinmax used to manufacture products and packaging for two retailers. (Dkt. No. 17, Counterclaims ¶¶ 10-12 and 16-17.) Colovos further alleges that Shinmax could only use that master tooling to fill orders from Colovos and a second company. (*Id.* at ¶¶ 12 and 17.) According to Colovos, Shinmax used the master tooling to manufacture products for other companies. (*Id.* at ¶¶ 21, 36, and 40.)

These allegations are sufficient to state a claim for conversion. Colovos's allegation that it owned the master tooling, if true, establishes that it has a right to the property and a right to immediate possession of the property. And Colovos's allegation that Shinmax exceeded its authority by using the master tooling to manufacture products for other companies, if true, establishes that Shinmax wrongfully assumed control over the master tooling. This allegation also supports an inference that Shinmax committed an independent act of conversion that renders a demand unnecessary. If it used master tooling that allegedly belongs to Colovos to manufacture and sell products to other companies, then Shinmax deprived Colovos of its control over its master tooling. Depriving the owner of an item or information may be conversion. *See Conant v. Karris*, 520 N.E.2d 757, 763 (Ill. App. Ct. 1987) (holding that depriving original owner of the benefit of confidential information states a claim for conversion). Therefore, this Court will allow Colovos to proceed with its conversion claim because the alleged acts by Shinmax deprived Colovos of the exclusivity it alleged bargained for.

This Court will also allow Colovos to proceed with its breach of contract and unjust enrichment claims. In Illinois, a breach of contract claim requires one to plead the existence of a contract, the performance of its conditions by one party, breach by the other party, and damages because of the breach. *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 626 (7th Cir. 2013). Here, Colovos alleges that the parties entered an agreement concerning master tooling (Dkt. No. 17, Counterclaims ¶¶ 10-12 and 16-17), that Colovos paid for the master tooling (*Id.*, Counterclaims ¶¶ 15 and 19), that, "on information and belief," Shinmax violated that agreement by using the master tooling to manufacture products for other companies (*Id.*, Counterclaims ¶ 21), and that it was harmed as a result (*Id.*, Counterclaims ¶ 23). These allegations are sufficient to place Shinmax on notice of Colovos's breach claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted) (omission in original). This is true even though Colovos alleges one element of its claim on information and belief. Indeed, by signing the pleading, Colovos's counsel certified that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Therefore, this Court will allow Colovos to proceed with its breach of contract claim.

An unjust enrichment claim under Illinois law requires one to plead that one party unjustly retained a benefit to the detriment of the other party and that retention of that benefit violates the fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011). "The Illinois Supreme Court appears to recognize unjust enrichment as an independent cause of action." *Id.* As discussed above, Colovos alleges that Shinmax deprived Colovos of control over Colovos's master tooling and Shinmax benefitted by selling products made with the master tooling to other companies. If true, then Shinmax unfairly profited from Colovos's loss of the exclusivity it allegedly bargained for. Therefore, this Court will allow Colovos to proceed with its unjust enrichment claim. Consequently, this Court denies Shinmax's motion to dismiss Colovos's counterclaims.

Date:   February 19, 2014				/s/ Virginia M. Kendall